## IN THE UNITED STATES DISTRICT COURT
### EASTERN DIVISION OF ARKANSAS
### NORTHERN DIVISION

**DAVE CAMPBELL and**
**CATRENIA DAWN CAMPBELL**                                        **PLAINTIFFS**

**V.**                                **No. 3:25-CV-00064-BRW**

**BARRY O'DELL,** *et al.*                                        **DEFENDANTS**

### <u>ORDER</u>

Plaintiffs paid the filing fee and initiated this *pro se* case on April 1, 2025.  In their 126-page complaint, they sue 41 individuals, businesses, and government entities alleging a litany of state civil and criminal claims as well as federal civil rights violations arising from unrelated events over a fair amount of time in their home city of Mammoth Springs, Arkansas.[1]

A district court has the authority to dismiss a case *sua sponte* for failure to state a claim.[2]

Federal court diversity jurisdiction requires an amount in dispute over $75,000 and that all the parties on one side of the controversy must be citizens of different states from all of the parties on the other side.[3]  Plaintiffs and Defendants are citizens of Arkansas, so diversity is lacking.

Whether there is a valid constitutional claim establishing federal question jurisdiction is yet to be determined. By the Court's count, at least 16 of the individual defendants and three of the named business defendants are not state actors subject to suit.  Merely private conduct is not within the reach of section 1983.[4]  For private conduct to fall under section 1983, "a private actor

---

[1] Compl. Doc. No. 1.

[2] See *Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991)

[3] 28 U.S.C. § 1332; *Indianapolis v. Chase National Bank*, 314 U.S. 63, 70 (1941)

[4] *Id*. at 50.

must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights."[5]  "A plaintiff 'must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and state actor.'"[6] Plaintiffs have not met this burden.

Additionally, Plaintiffs' complaint is replete with every grievance that has arisen over the past few years while living in Mammoth Springs from runs ins with loose pit bull dogs to disputes about the size of border walls with neighbors. While they do raise a number of civil rights allegations, these claims are buried in their unrelated state law claims.  Too, Plaintiffs seek relief that is unavailable such as an order directing the Fulton County Circuit Court to drop criminal charges against them.  Before the Court dismisses this lawsuit for failure to state a claim, it will allow Plaintiffs to file an amended complaint narrowing their claims, defendants, and request relief.

Plaintiffs will be given an opportunity to more succinctly state his claims. Plaintiffs are warned that they cannot bring claims against multiple defendants in a single lawsuit unless the claims arise out of the same transaction or occurrence.[7] Plaintiffs must pick *related* claims to proceed with in this lawsuit. If Plaintiffs wish to pursue other unrelated claims, they must do so in a separately filed lawsuit. In the amended complaint, Plaintiffs should specifically: (1) identify the parties responsible for their alleged injury; (2) state how each individual Defendant was

---

[5] *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)).

[6] *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted).

[7] *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," *and* involve "any question of law or fact common to all defendants").

*personally* involved; and (3) explain the injury they suffered as a result of each Defendant's conduct. The amended complaint, if filed, will supersede or replace the current complaint.[8] Plaintiffs should make sure that their amended complaint includes all allegations relevant to the claim(s) he wants to pursue in <u>this</u> lawsuit.  Finally, Plaintiffs need only include a "short and plain statement" showing that they is entitled to relief, with allegations that are "simple, concise, and direct."[9]

Plaintiffs will have 30 days from the entry of this Order to file their amended complaint. Once the amended complaint is filed, the Court will review it before summonses are issued and returned to Plaintiffs, who will then be responsible for securing service of process.

IT IS SO ORDERED this 4th day of April 2025.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[8] See *In re Atlas Lines, Inc*. 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect).

[9] FED. R. CIV. P. 8(a)(1) & (d).