# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 0 2025

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

DAVE CAMPBELL, et ux,

PLAINTIFFS,

v.                                        Case Number: 3:25-CV-00064-KGB

CITY OF MAMMOTH SPRING, et al,

DEFENDANTS.

## EMERGENCY MOTION FOR STAY OF PARALLEL
## STATE  COURT PROCEEDINGS

COME NOW the Plaintiffs, Dave Campbell and Catrenia Dawn Campbell,

proceeding *pro se*, and respectfully move this Honorable Court for an order staying the

parallel state court proceeding(s) currently pending in the Circuit Court of Fulton County,

Arkansas, Case No. 25CV-24-72 (*Turnbough v. Campbell*) and Case No. 25CV-24-73

(*Rogers v. Campbell*).  In support of this motion, Plaintiffs state the following:

## I.     STATEMENT OF THE CASE AND JURISDICTION

1. This Federal Court case involves claims brought under 42 U.S.C. § 1983 for violations of

   Campbells' constitutional rights (First Amendment, Fourth Amendment, Fourteenth

   Amendment) by city officials (Police Chief Defendant Turnbough and City Secretary

   Melissa Rogers) acting under color of state law.

2. The federal case and the state court defamation cases arise from the exact same operative

facts, including events at the April 1, 2024, City Council meeting, the subsequent

political sign erected by Campbells, the fraudulent injunction requests filed by Police

Chief Turnbough and City Secretary Rogers, and the false arrest orchestrated by Police

Chief Turnbough on July 16, 2024.

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II.    STATEMENT OF THE EMERGENCY AND IRREPARABLE HARM

This is an emergency motion filed to prevent immediate and irreparable harm. The

state court is actively moving forward with vexatious proceedings characterized by

systemic fraud and misconduct by opposing counsel and the state court judge.

1.  **Immediacy of State Court Action:** The police chief (Defendant Turnbough), city

secretary and their attorneys (Defendants; McGinnes and Shackelford) are proceeding

with highly irregular procedures in the state court, including scheduling a hearing via

informal email correspondence for a date which unconstitutionally occurred October 21,

2025. This irregular scheduling, without formal notice or specific time provided,

threatened Campbells' ability to adequately prepare and subpoena necessary witnesses.

*(See Exhibit E: Email Correspondence from Judge/Scheduler).*  Immediate intervention

is required before Plaintiffs are further prejudiced by having to continue to defend against

two identical fraudulent lawsuits under compromised procedural conditions.

2.  **Recent Supreme Court Ruling:**  This emergency motion could not have been

filed sooner because it is predicated on a critical development occurring on October 28,

2025: the Arkansas Supreme Court ruled Defendant Turnbough's preliminary injunction

issued in state Case No. 25CV-24-72 was an unconstitutional *"prior restraint"* on free speech *(See Exhibit A: AR Supreme Court Order dated 10/28/25)*. The Arkansas Supreme Court's ruling not only confirms the constitutional violations central to this federal case, but also undermines the legitimacy and good faith of the entire state court action, necessitating Plaintiffs' immediate request for a stay.

3. **Irreparable Harm:** Absent a stay, Plaintiffs face imminent irreparable injury. They will be forced to continue defending against a baseless, retaliatory lawsuit in a forum appearing biased, diverting their limited resources from Plaintiffs' primary federal civil rights action. The continuation of Defendant Turnbough and City Secretary Rogers' *"law-fare"* campaign infringes on Plaintiffs' fundamental rights. If the state court is allowed to proceed under irregular procedures, Plaintiffs will suffer irreparable harm in the form of continued violations of their First Amendment rights, abuse of process, and the imposition of a severe, unnecessary burden interfering with Plaintiffs' management of their federal case.

## III.    Factual Background

1.  Plaintiffs' protected speech pertains to words on a yard sign as a result of a city council meeting on April 01, 2024.

2.  In retaliation, Police Chief (Defendant Turnbough) and City Secretary Rogres filed state defamation lawsuits with fraudulent injunction requests.

3.  On 10/28/25, the Arkansas Supreme Court's ruling vacating the injunction as an unconstitutional *"prior restraint."*

4.  Plaintiffs filed a circuit case against the City of Mammoth Spring to address the

07/22/2024 forged arrest affidavit, which the circuit court shut down discussion of on 04/29/25.

5.  The City moved the case to the Federal Court, which was consolidated with Case No. 3:25-CV-00064-KGB filed April 01, 2025.

6.  The city officials' counsel continue efforts to pursue the baseless defamation claims and are attempting to impose restrictions on Plaintiffs in the state case with a motion for protection and to be granted gatekeeper orders to require Plaintiffs to file a letter seeking permission and a motion for leave before filing any papers in the circuit case.

7.  The officials' counsel (Defendant McGinnes) presented a filing on 10/29/2025 in the circuit case alleging Plaintiffs' lost in the Arkansas Supreme Court, because all requested relief was not granted.

8.  The City Secretary Rogers' attorney in her bankruptcy case alleges the 10/28/2025 vacation from the Arkansas Supreme Court has no bearing on Ms. Rogers.

## IV.    ARGUMENT IN SUPPORT OF STAY:

A federal court has power to stay a parallel state court proceeding when necessary *"to protect or effectuate its judgments"* or when *"exceptional circumstances"* exist justifying such deference to state court proceedings. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); 28 U.S.C. § 2283 (Anti-Injunction Act). Exceptional circumstances are present here due to the pattern of retaliation, the Supreme Court ruling, and the need for a unified federal resolution to Plaintiffs' civil rights claims.  An immediate stay is necessary to prevent irreparable harm

to Campbells' constitutional rights and due process.

## GROUNDS FOR STAY:

An emergency injunction is warranted under exceptions to the Anti-Injunction Act (AIA) and the *Younger* abstention doctrine, specifically the "necessary in aid of its jurisdiction" exception and the *"bad faith, harassment, or a patently unconstitutional statute"* exception to *Younger*. The state court action is an abuse of process intended to harass Plaintiffs and punish them for exercising federally protected rights.

**A.    The State Court Lawsuits are Vexatious, Retaliatory, and an Abuse of Process**

The state court lawsuits are not legitimate defamation actions but rather an act of *"law-fare"* intended to silence Campbells' protected political speech and retaliate against Campbells for complaining about official misconduct.

### Supreme Court Ruling on Prior Restraint:

The Arkansas Supreme Court has already found the preliminary injunction issued in Case No. 25CV-24-72 was an unconstitutional *"prior restraint"* on free speech (***See Exhibit A***). The Supreme Court's ruling confirms the state case was brought to violate core First Amendment rights.

### Fraud on the Court:

The police chief, city secretary and their attorneys filed fabricated injunction requests using a fabricated quote ("*Jamie and Melissa get it on*") to mislead the court and obtain a wrongful injunction (***See Exhibit B: Amended and Amended Complaints***).

### Unauthorized Practice of Law:

The police chief and city secretary's counsel is operating under a law firm name

("*Iron Rock Law Firm, PLLC*") which lacks a required Certificate of Good Standing with the Arkansas Secretary of State *(See Exhibit C: AR SOS Email).*

**Official Misconduct and False Arrest:**

Police Chief (Defendant Turnbough) orchestrated a false arrest of Plaintiff Dave Campbell on the same day the fraudulent injunction was filed (July 16, 2024), as documented by video evidence and confirmed by Assistant Police Chief Barnett's testimony (which the Circuit Judge inexplicably deemed *"irrelevant"* and without jurisdiction) *(See Exhibit D: Arrest Video/Testimony Transcript).*

**B.    Undue Burden and Interference with Federal Jurisdiction**

Proceeding simultaneously in both federal and state court would impose a severe, unnecessary burden on *pro se* Campbells and risk conflicting rulings.

The state court is moving forward with highly irregular procedures, including scheduling a hearing via informal email without formal notice or time specified, and relying on expired *"trial setting sheets"* to compel attendance and prevent the subpoenaing of witnesses. *(See Exhibit E: Email Correspondence from Judge/Scheduler).*

This Court has consolidated Campbells' federal claims.  Focusing on the complex issues of federal civil rights law and preparing the required amended petition is the priority.

The continuation of the vexatious state court proceedings will interfere with the orderly management of Campbells' consolidated federal case and Campbells' ability to focus on their primary claims against Defendants in the proper federal forum.

**C.  Judicial Economy:**

It makes little sense for the state court to continue litigating narrow defamation claims when the federal court must rule on the overarching issues of whether the officials were acting lawfully or were engaged in a retaliatory conspiracy.  The state and federal cases involve identical facts and issues (e.g., whether the speech was protected). Allowing the state cases to proceed simultaneously is inefficient and risks conflicting judgments.

**D.      The Anti-Injunction Act Permits a Stay *"In Aid of Jurisdiction."***

Pursuant to 28 U.S.C. § 2283, a stay is necessary to protect the federal court's ability to rule effectively on the core civil rights conspiracy and prevent the state litigation from being used as a tool to undermine the federal process.

**E.  Consolidated Federal Case:**

The federal court is now the primary venue for determining the core constitutional issues. The City is a party, and the central actions of its employees (the police chief, mayor, etc.) will be adjudicated in the federal court.

**F.  Overlapping Factual Basis:**

The *state* defamation cases concern Plaintiffs' billboard sign, which Plaintiffs put up in direct response to the *federal* claims of free speech violations, retaliation, and misconduct during the city council meeting and the subsequent false arrest conspiracy.

**G.  Preventing Inconsistent Rulings:**

A federal jury might find the officials acted with malice in a conspiracy to violate rights, which directly contradicts the elements required for the officials to win their state-

level defamation claims. A stay prevents these conflicting outcomes.

**H.    Addressing Due Process Issues:**

The federal court is equipped to handle the significant due process and procedural issues alleged, such as the forged affidavit, judicial bias, spoliation of evidence, and the unconstitutional prior restraint (injunction). The state court judge has already shown reluctance or inability to hear evidence related to the forged affidavit and jurisdiction issues. *(See Exhibit D)*

**I.  The Argument for Federal Court Precedence**

The federal court is the appropriate venue for these claims to be fully and fairly heard because they involve systemic allegations of public corruption and civil rights violations under color of state law (42 U.S.C. § 1983). The federal court has the authority and mandate to protect these constitutional rights, especially when state processes appear biased or compromised.

**V.    CERTIFICATION OF NOTICE AND EFFORTS TO CONFER:**

The undersigned certifies a copy of this Emergency Motion and the accompanying Brief in Support was provided to Defendants' counsel and Defendant Bragg in this federal action via email on November 11, 2025, in the a.m. immediately prior traveling to file this motion.  Due to the emergency nature of the requested relief and the ongoing procedural improprieties in state court, a formal conference with opposing counsel was not feasible before filing this motion.

## VI.   CONCLUSION:

The ongoing state court proceedings are retaliatory, based on fraud, and interfere with the jurisdiction and management of this federal case. Exceptional circumstances exist to justify a stay, and an emergency order is necessary to prevent irreparable harm and further constitutional violations.

WHEREFORE, Defendants respectfully request that this Court issue an order staying all proceedings in the Circuit Court of Fulton County, Arkansas, Case No. 25CV-24-72 and Case No. 25CV-24-73, pending the final resolution of the consolidated cases in this United States District Court.

Signed this 10th day of November, 2025.

Respectfully Submitted,

Dave Campbell, pro se
440 Main ST
Mammoth Spring, AR  72554-8800
Blues24Seven@ymail.com
(870) 907-0572

Catrenia Dawn Campbell, pro se
440 Main ST
Mammoth Spring, AR  72554-8800
Blues24Seven@ymail.com
(870) 907-0572

## CERTIFICATE OF SERVICE

We, Dave and Dawn Campbell, certify to have served a copy of the foregoing document to Defendants, as follows on the **10th** day of **November, 2025**:

1.  For Defendants; Brenda Dunn, Randall Dunn, Gary Dunn, Louise Dunn Alexander and Shayne Peterson, Defendants' counsel of record; Fred O'Neill was served via email to **law@perkinslawoffice.com**;

2.  For Defendants; City of Mammoth Spring, Barry O'Dell and James Turnbough, Defendants' counsel of record; Kaitlynn Meister was served via email to: **kmeister@arml.org**;

3.  For Defendants Hallmark Media, LLC, Lauren Siebert, John McGinnis and Jody Shackelford, Defendant Jody Shackelford was served via email to: **Jody@GoIronRock.com**;

4.  Defendant Bragg Broadcasting, Inc. was served via USPS to: Registered Agent James Bragg at 6 Setting Sun TR (PO Box 909), Cherokee Village.

Respectfully Submitted,

Dave Campbell, pro se

Catrenia Dawn Campbell, pro se

Plaintiffs' Info: (870) 907-0572
440 Main ST
Mammoth Spring, AR  72554-8800
Blues24Seven@ymail.com

10