UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 19 2025

TAMMY H. DOWNS, CLERK
By: _____
　　　　　　　　　　DEP CLERK

DAVE CAMPBELL, et ux,

　　　　　　PLAINTIFFS,

v.　　　　　　　　　　　　　　　　Case Number: 3:25-CV-00064-KGB

CITY OF MAMMOTH SPRING, et al,

　　　　　　DEFENDANTS.

**NOTICE OF SUPPLEMENTAL AUTHORITY AND EVENTS IN SUPPORT OF PENDING MOTION TO STAY**

COME NOW Plaintiffs, Dave Campbell and Dawn Campbell, appearing *pro se*, and hereby provide notice of supplemental authority and recent factual developments in the related state court proceedings supporting their previously filed Motion to Stay the parallel Circuit Court Case (Case No. 25CV-24-72).

**I　　SUPPLEMENTAL LEGAL AUTHORITY (Argument I)**

Plaintiffs note controlling legal authority issued by the Arkansas Supreme Court in the underlying state matter, which found the Police Chief Defendant (James Turnbough) was acting as a government official when he sought the unconstitutional preliminary injunction which was subsequently vacated.

This ruling supports Plaintiffs' claim in this federal action that the individual Defendants were acting under color of state law, satisfying the requirements for their 42 U.S.C. § 1983 claims.

1

This authority underscores the state court's acknowledgment of state action, reinforcing need for federal oversight.

**5.    Section on New Factual Events (Argument II)**

The following factual developments occurred during the November 12, 2025, state court hearing:

**Denial of State Stay Motion:**

Plaintiffs acknowledge the state court denied their motion to stay proceedings.

**Procedural Abuses/Bias:**

In the state court proceedings, Plaintiffs documented several specific examples of judicial bias and procedural confusion they argue prejudiced their case. These examples, derived from the hearing on November 12, 2025, and earlier events, form a pattern of conduct undermining judicial impartiality:

**Unequal Application of Courtroom Rules regarding Electronics:**

Judge Meyer previously told the bailiff (on or about 10/12/2025) to permit the *pro se* defendants to use their phones and computers as they were representing themselves. However, on November 12, 2025, the bailiff again barred the electronics. After Campbells retrieved their devices based on the bailiff's *new* order from the judge, ("*Retrieve devices after case is called*") they were scolded by the judge for leaving the courtroom.

**Contradictory and Shifting Consolidation Orders:**

While hearing City Secretary Rogers Case No. 25CV-24-73, for which the automatic stay was lifted on 08/23/2025, Judge Meyer granted Campbells' motion to

2

consolidate the two officials' lawsuits, ruling the cases would be consolidated into one case, Case No. 25CV-24-72 and, from that point forward, the case being heard is 25CV-24-72. Hours later, after a recess, in a hearing in Case No. 25CV-24-72, Judge Meyer reversed here decision, stating she would only consolidate the jury trial; therefore, the granting of the case consolidation was done in Case 25CV-24-73 and subsequently denied in Case No. 25CV-24-72. This abrupt change created procedural chaos and prejudiced Campbells' witness management strategy, as they had allowed Plaintiff Rogers to remain present based on the Court's consolidation order.

Placing Case 25CV-24-73 into Case 25CV-24-72's jury trial irreparably harms Campbells, because Campbells have counterclaims in Case 25CV-24-73 and transferred all claims against the police chief into the instant case. Accelerating the jury trial in the city secretary's case prevents Campbells' from properly preparing for both; prosecution and defenses. City Secretary Rogers argues she is not an official and the police chief's injunction vacation does not affect her.

City Secretary Melissa Rogers sued Campbells based on the sole statement Defendant Turnbough sued Campbells over, which was about their official capacities.

### Inappropriate Religious Commentary:

After hearing all motions, the judge informed all parties they were just beating each other up and needed a *"come to Jesus"* moment. The Court's use of specific religious terminology in a secular legal setting created the appearance the judge was applying a personal religious framework to the resolution of the dispute rather than remaining a neutral, secular arbiter.

3

### Unequal Scolding and Sanction Threats:

Judge Meyer falsely scolded Campbells for failing to file notice of withdrawal for motions they no longer wanted to hear, even though Campbells filed the notice and it was the opposing counsel who had failed to do so. This demonstrated a biased application of court rules.

### Vague Sanctions Threat:

Judge Meyer threatened future sanctions if Campbells filed *"repeated filings,"* but simultaneously denied the opposing counsel's request for a *"gatekeeper order."* This ambiguity made it difficult for Campbells to file legitimate motions based on new facts (like attorneys violating court orders or becoming defendants in the federal case) without fear of arbitrary punishment.

### Expedited Jury Trial Date:

On 08/23/2025 City Secretary Rogers' case was permitted to proceed pursuant to a limited relief of the Bankruptcy Stay in Case No. 25CV-24-73 only. Judge Meyer decided to accelerate Mrs. Rogers' case and force Campbells' counterclaims to be prosecuted during an expedited January of 2025 jury trial, despite Mrs. Rogers not having answered Campbells' counterclaims yet, thus denying Campbells adequate time for preparation or proper pleading procedures.

### Restriction of Presentation Rights:

Judge Meyer forced Dave Campbell to present his arguments first during the motion hearing on 11/12/2025 and threatened Mr. Campbell would forfeit his right to speak further on the motion if Mrs. Campbells spoke before Mr. Campbell, thus

4

restricting how the co-defendants chose to represent their own case.

### Connection to Harm:

These new facts demonstrate *"ongoing harassment"* and *"irreparable harm"* by establishing a pattern of conduct by the state court judge obstructing Campbells' due process rights, creates an environment of bias, and interferes with Campbells' ability to receive a fair trial.

### Demonstrating *"Ongoing Harassment"*

The pattern of Judge Meyer's behavior, when viewed as a whole, is characterized as ongoing harassment designed to disadvantage *pro se* defendants in the state case(s):

### Cumulative Scolding and Admonishments:

The repeated public scolding for minor issues (leaving the courtroom, filing notices) combined with admonishing them for exercising their right to self-representation goes beyond neutral case management and creates a hostile environment aimed at discouraging and punishing Campbells. On 11/12/2025, Judge Meyer denied Campbells' request to remove her commentary from the 04/29/2025 order notating Campbells were admonished for being pro se and advised to get an attorney.

### Arbitrary and Shifting Rulings:

Judge Meyer's inconsistent orders regarding access to electronics and consolidation of cases create a moving target for Campbells, ensuring they are always procedurally incorrect or at a disadvantage, which is a form of procedural harassment.

### Vague Threats of Sanctions:

Threatening sanctions without clear boundaries (*"repeated filings"*) is a form of

5

legal intimidation (*"law-fare"*) designed to silence Campbells and prevent them from fully participating in their own defense, even when new legal grounds arise.

### Inappropriate Religious Commentary:

The *"come to Jesus"* comment, in context with other actions, is seen as an effort to impose personal belief systems rather than resolve a secular dispute fairly, adding a layer of subjective pressure and harassment.

### Demonstrating *"Irreparable Harm"*

*"Irreparable harm"* means injury which cannot be fixed by money damages alone. Campbells argue the following points:

### Denial of Due Process and Fair Trial:

A biased judicial proceeding inherently causes irreparable harm. The inability to receive a fair hearing, present evidence under a consistent legal framework, and manage their case effectively on an equal footing with opposing counsel are harms which cannot be undone later with a monetary award.

### Infringement of Constitutional Rights:

The retaliation for free speech claims combined with biased state court proceedings creates an immediate and irreparable chill on Campbells' First Amendment rights. The Federal Court's primary duty is to protect these constitutional rights, which are being undermined in this very state court.

### Procedural Confusion Leading to Legal Disadvantage:

The accelerated jury trial date, combined with Judge Meyer's refusal to provide time to respond to potential amended pleadings, denies Campbells' basic procedural due

6

process. If forced into a trial unprepared or under voidable orders, the resulting judgment would cause irreparable damage to Campbells' legal position.

### Jurisdictional Chaos:

The state court's potential violation of the federal bankruptcy stay creates legal chaos. Campbells face the risk of participating in a void proceeding, which wastes substantial time and legal resources—harm which money cannot adequately remedy.

Dated: November 18, 2025

Respectfully Submitted,

*Dave Campbell*
Dave Campbell, pro se
440 Main ST
Mammoth Spring, AR  72554-8800
Blues24Seven@ymail.com
(870) 907-0572

*Catrenia Dawn Campbell*
Catrenia Dawn Campbell, pro se
440 Main ST
Mammoth Spring, AR  72554-8800
Blues24Seven@ymail.com
(870) 907-0572

7

## CERTIFICATE OF SERVICE

We, Dave and Dawn Campbell, certify to have served a copy of the foregoing document to Defendants, as follows on the **18th** day of **November, 2025**:

1. For Defendants; Brenda Dunn, Randall Dunn, Gary Dunn, Louise Dunn Alexander and Shayne Peterson, Defendants' counsel of record; Fred O'Neill was served via email to **law@perkinslawoffice.com**; and **Fred@perkinslawoffice.com**;

2. For Defendants; City of Mammoth Spring, Barry O'Dell and James Turnbough, Defendants' counsel of record; Mary Nix-Caffee was served via email to: **Mcaffee@arml.org**;

3. For Defendants Hallmark Media, LLC, Lauren Siebert, John McGinnis and Jody Shackelford, Defendant Jody Shackelford was served via email to: **Jody@GoIronRock.com and John@GoIronRock.com**;

4. Defendant Bragg Broadcasting, Inc. was served via USPS to: Registered Agent James Bragg at 6 Setting Sun TR, Cherokee Village, Arkansas, 72529 and **hometownradio@centurytel.net.**

_____          _____
Dave Campbell, pro se                                    Catrenia Dawn Campbell, pro se