UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

DAVE CAMPBELL, et ux,

PLAINTIFFS,

v.  Case Number: 3:25-CV-00064-KGB

CITY OF MAMMOTH SPRING, et al,

DEFENDANTS.

**TO:** THE HONORABLE CHIEF JUDGE BAKER
**FROM:** PLAINTIFFS, DAVE CAMPBELL AND CATRENIA DAWN CAMPBELL, by and through their undersigned counsel
**DATE:** DECEMBER 02, 2025
**RE:** Motion for Extension of Time to File Rule 26(f) Report or, in the Alternative, Motion to Stay Discovery Obligations

### I. INTRODUCTION

Plaintiffs in the consolidated action, Case Nos. **3:25-CV-00064-KGB** and **3:25-CV-00134-KGB**, respectfully move this Court for an extension of the deadline to conduct the mandatory Rule 26(f) conference and file the associated discovery plan report, or in the alternative, a stay of all discovery obligations until all defendants across both consolidated cases are properly served and have appeared. The current deadline for the Rule 26(f) report is **December 8th, 2025**. This request is based on the procedural complexities arising from judicial recusal, delayed authorization of summonses, and the recent *sua sponte* consolidation of two factually related cases with disparate service statuses. Plaintiffs request an extension of the Rule 26(f) deadline or a stay of discovery

1

obligations using the Court's broad discretion to manage cases, pursuant to **Federal Rule of Civil Procedure (FRCP) 26(c)** for protective orders to prevent undue burden and the court's **inherent power** to manage its docket efficiently.

## II.   RELEVANT PROCEDURAL HISTORY

The initial federal civil rights lawsuit was filed on April 1st, 2025. Following a jurisdictional ruling and subsequent timely amendment of the complaint, Honorable Judge Wilson recused himself before authorizing the issuance of summonses for the newly added defendants. The case was reassigned to Honorable Chief Judge Baker. While the amended complaint and a related sealed claim were granted leave to be filed, key defendants in the initial case have yet to be formally served, as summonses were never issued by the Court and none of the waiver of summonses were returned.

A separate, related state court action was recently moved to federal court by Defendants (Police chief Turnbough, City Councilman O'Dell and the City of Mammoth Spring) and *sua sponte* consolidated with Plaintiffs' initial case. Defendants in this second, removed case are the only parties who are currently served and have appeared in the consolidated action. The scheduling order was filed in the removed state case prior to consolidation with the instant case.

## III.   ARGUMENT

### A.   Completing the Rule 26(f) Report Without Key Defendants Would Be Ineffectual and Prejudicial.

#### Meaningful Participation is Impossible:

The purpose of the Rule 26(f) conference is for all parties to *"confer... make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about*

*preserving discoverable information; and develop a proposed discovery plan"* and to *"meet as soon as practicable to discuss the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case,"* and to *"develop a proposed discovery plan.* Without the un-served defendants as active participants, any plan would be incomplete and require revision later, leading to inefficiency and potential prejudice. The 26(f) conference requires the good-faith participation of all parties to ensure proportional and efficient discovery tailored to the entire case. Rule 26 aims to facilitate the fair, efficient, and economical resolution of disputes. Proceeding with a partial Rule 26(f) conference and report for only the served defendants (who are involved in only one part of the consolidated matter) would result in piecemeal discovery, waste judicial resources, and likely require a second, redundant conference later.

**Federal Rule of Civil Procedure 26(c)** permits the Court, for *good cause* shown, to *"issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."* The inability to conduct a meaningful Rule 26(f) conference and prepare a comprehensive report without the participation of all key parties, and the resulting prejudice, which constitutes a good cause.

**Prejudice to Plaintiffs And Preventing Undue Burden:**

Plaintiffs cannot adequately discuss a comprehensive discovery plan encompassing all claims and all defendants if the key defendants in the original action are not yet parties to the case. Any plan formulated now would be incomplete and would likely need significant revision once the un-served defendants appear, leading to inefficiency and potential tactical disadvantage. Completing the report and making initial disclosures would prejudice Plaintiffs because the scope of discovery and the overall case

management plan cannot be finalized without all defendants, especially given the case consolidation and the prior issue with service authorization.

Courts may stay discovery when proceeding would be oppressive or impair a party's rights. Proceeding would impair Plaintiffs' rights from lacking necessary parties and it would create undue burden by not including the necessary parties in discovery.

Courts have discretion to issue protective orders or stay discovery to prevent *"annoyance, embarrassment, oppression, or undue burden or expense"* under **Federal Rule of Civil Procedure (FRCP) 26(c)**.

The following case citations address preventing undue burden in discovery and establish courts have significant discretion and inherent authority to manage the discovery process and intervene when a party can demonstrate compliance would be oppressive or unduly burdensome, especially in light of the issues at stake and the resources involved:

***Landis v. North American Co.*, 299 U.S. 248, 254 (1936)** is a foundational case where the U.S. Supreme Court recognized the *"power to stay proceedings, pending the determination of another action...is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."* This inherent power is often cited in support of staying discovery to prevent unnecessary burdens, especially when a pending motion may dispose of the entire case.

In ***Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)**, the Supreme Court noted the broad authority of trial courts under Rule 26(c) to issue protective orders *"to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,"* affirming the court's role in balancing the need for discovery with the need

4

to protect parties from harm.

***Carr v. State Farm Mut. Auto. Ins. Co.***, 312 F.R.D. 459, 468 (N.D. Tex. 2015) highlights: the party resisting discovery bears the burden of showing how the requested discovery imposes an *"undue burden or expense."* The court emphasized, claims of undue burden must be supported by specific evidence, often through affidavits or other evidence quantifying the difficulty or expense involved.

### Broad Discretion of Trial Courts:

Courts have *"broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."* The following cases confirm the decision to stay discovery is committed to the sound discretion of the trial court, guided by principles of judicial economy.

***Hahn v. Star Bank***, 190 F.3d 708, 719 (6th Cir. 1999) is a primary source supporting, *"[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."*

In ***Clinton v. Jones***, 520 U.S. 681, 706 (1997), the Supreme Court acknowledged courts' *"inherent authority to control their dockets."*

***Landis v. North Am. Co.***, 299 U.S. 248, 255 (1936) is a foundational case establishing the power to stay proceedings is *"incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."*

***Mediterranean Enters., Inc. v. Ssangyong Corp.***, 708 F.2d 1458, 1465 (9th Cir. 1983) supports the discretion of a district court to stay an action *"pending resolution of independent proceedings which bear upon the case."*

***Wenger v. Monroe***, 282 F.3d 1068, 1077 (9th Cir. 2002): This case notes that

*"good cause"* for staying discovery may exist when the court is convinced the plaintiff will be unable to state a claim for relief, highlighting the link between the dispositive nature of a motion and the appropriateness of a stay.

### Judicial Efficiency:

An extension or stay promotes judicial economy by ensuring a single, comprehensive discovery plan is developed once all necessary parties have appeared and are able to participate fully in the process, rather than piecemeal planning and disclosures. A stay is appropriate when it serves the interests of judicial economy and efficiency, which is the case when essential parties have not yet appeared.

Judicial economy is a recognized principle favoring the efficient use of court time and resources. Courts consider this principle when deciding whether to stay proceedings, particularly when essential or indispensable parties are missing. The following citations address the concept of judicial economy in the context of pending actions or parties:

In ***Colorado River Water Conservation Dist. v. United States***, 424 U.S. 800, 817 (1976), the U.S. Supreme Court discussed the balance between a court's *"virtually unflagging obligation"* to exercise jurisdiction and the circumstances under which a stay pending parallel state court proceedings may be appropriate due to *"wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."*

In ***CMAX, Inc. v. Hall***, 300 F.2d 265, 268 (9th Cir. 1962), the Ninth Circuit affirmed the stay of a federal action pending the resolution of a related state court action, citing the desire to avoid *"waste of judicial time"* and *"unnecessary duplication of effort"* where the issues and parties largely overlapped.

In ***Enelow v. New York Life Ins. Co.***, 293 U.S. 379, 382 (1935) discusses the

6

power of a court to order a stay *"to abate a nuisance, or to preserve a fund, or to restrain a competition, in order to prevent irreparable injury to the complainant,"* touching on the court's inherent power to manage its docket.

In ***Dery v. Balboa Ins. Co.***, 708 F.2d 139, 143 (2d Cir. 1983), the Second Circuit noted stays are often granted *"to conserve judicial resources and to avoid duplicative litigation"* when a related case is pending elsewhere.

***Landis v. North American Co.***, 299 U.S. 248, 254 (1936) established the broad discretion of a court to stay its proceedings as part of its power to control its docket, particularly when *"the interests of judicial economy"* and the *"even justice"* so require.

Specific cases explicitly linking a stay to the *absence* of a necessary party often revolve around Federal Rule of Civil Procedure 19 (Required Joinder of Parties).

In ***Provident Tradesmens Bank & Trust Co. v. Patterson***, 390 U.S. 102, 112 (1968), the Supreme Court discussed the practical considerations of Rule 19, focusing on the potential for prejudice to absent parties or existing parties, and the interest of the courts in avoiding *"repeated lawsuits on the same essential subject matter."*

***Schwartz v. Boston Hosp. for Women***, 422 F. Supp. 83, 85 (E.D.N.Y. 1976) is a district court case where a stay was deemed appropriate pending the resolution of state court proceedings involving indispensable parties who could not be joined in the federal action, thus preventing inefficient, piecemeal litigation.

**B.**     ***"Good Cause"* Exists for an Extension or Stay.**

### Pending Court Actions:

The delay in service is due to the court's internal processes (judge recusal, review of the complaint and authorization of summons). Plaintiffs have been diligent in timely amending their complaint and are waiting on the court's authorization for summons. It

would be unjust to penalize Plaintiffs or force an incomplete process due to the court's backlog or administrative changes.

The Court may modify the timing of disclosures and the discovery plan *"for good cause."* The unusual procedural circumstances in this case, including judicial recusal and subsequent administrative delays in the issuance and service of summonses, are beyond the control of the Plaintiffs and constitute good cause. A party is served after the Rule 26(f) conference must make initial disclosures within 30 days of service, demonstrating the rules anticipate staggered entry of parties. This rule supports the request for accommodation in the present, unique circumstances.

Courts have broad discretion to stay discovery until preliminary questions or service issues are resolved, especially when it promotes judicial economy. Staying the Rule 26(f) deadline until all parties are at issue would serve the interests of fairness and efficiency in the consolidated case.

### Supporting Rules:

**Federal Rule of Civil Procedure 16(b)(2)** acknowledges judges may alter the time limits set by the rules for good cause, allowing for flexibility in case management.

**Federal Rule of Civil Procedure 26(d)(1)** states a party may not seek discovery from any source before the Rule 26(f) conference. This provision implicitly supports the idea the *entire* discovery process is contingent on a proper initial conference.

**Federal Rule of Civil Procedure 26(a)(1)(D)** specifies a party served *after* the Rule 26(f) conference must make their initial disclosures within 30 days of being served, showing the rules contemplate different timing for discovery obligations for parties at different stages of service.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Honorable Court grant an order: Extending the deadline for the Rule 26(f) conference and report to a date after all defendants have been served and appeared in the consolidated case; or, in the alternative, staying all discovery obligations until all defendants are properly before the Court and for any further relief which the Court finds just.

Signed this **2nd** day of **December**, 2025.

Respectfully Submitted,

*Dave Campbell, pro se*

*Catrenia Dawn Campbell, pro se*
Plaintiffs' Info: (870) 907-0572
440 Main ST
Mammoth Spring, AR  72554-8800
Blues24Seven@ymail.com

## CERTIFICATE OF SERVICE

We, Dave and Dawn Campbell, certify to have served a copy of the foregoing document to Defendants, as follows on the **2nd** day of **December, 2025**:

1. For Defendants; Brenda Dunn, Randall Dunn, Gary Dunn, Louise Dunn Alexander and Shayne Peterson, Defendants' counsel of record; Fred O'Neill was served via email to **Law@perkinslawoffice.com and Fred@PerkinsLaw.com**;

    For Defendants; City of Mammoth Spring, Barry O'Dell and James Turnbough, Defendants' counsel of record; Mary Nix-Caffee, Esquire Graham Whitsett, Paralegal
    **MCaffee@arml.org** and **GWhitsett@arml.org**

2. For Defendants Hallmark Media, LLC, Lauren Siebert, John McGinnis and Jody Shackelford, Defendant Jody Shackelford was served via email to: **Jody@GoIronRock.com;**

3. Defendant Bragg Broadcasting, Inc. was served at **HomeTownRadio@Centurytel.net.**

Respectfully Submitted,

_Dave Campbell_
Dave Campbell, pro se

_Catrenia Dawn Campbell_
Catrenia Dawn Campbell, pro se