UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

DAVE CAMPBELL, et ux,

PLAINTIFFS,

v.   Case Number: 3:25-CV-00064-KGB

CITY OF MAMMOTH SPRING, et al,

DEFENDANTS.

AFFIDAVIT OF DAVE CAMPBELL AND CATRENIA DAWN CAMPBELL IN SUPPORT OF MOTION TO EXTEND RULE 26(f) DEADLINE OR, IN THE ALTERNATIVE, STAY DISCOVERY OBLIGATIONS

We, Dave Campbell and Catrenia Dawn Campbell, being duly sworn, depose and state as follows:

1. We are Plaintiffs in the above-captioned matter and am competent to make this affidavit.

2. The procedural history relevant to the current discovery posture is as follows: The original complaint was filed on April 1, 2025. Following an order from the original presiding judge, a timely amended complaint was filed on or about May 5, 2025.

3. As of the date of this affidavit, summonses for the following defendants have not yet been authorized for issuance and release by the Court:

    1. Danny L. Busch

    2. Carl Dwayne Plumlee

    3. Barbara Gann

    4. John Allen Barnett

1

5. Hunter Ray Crawford

6. Timothy Morris Weaver

7. Chaney Wes Taylor

8. Drew Edward Smith

9. Donald Taylor McSpadden

10. Paul David Kauffman

11. Frederick Alexander O'Neil

12. Iron Rock Law Firm, PLLC

13. Peterson Properties and Investments, LLC;

14. Adult Protective Services

4. Consequently, the majority of the defendants in this consolidated action have not been formally served with process and did not return waivers of summons to date.

5. A mandatory Rule 26(f) conference was ordered to occur by a certain date, with a report due by December 8, 2025.

6. Rule 26(f) requires parties to *"meet and confer about the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case,"* and to *"make or arrange for the disclosures required by Rule 26(a)(1)."*

7. Meaningful compliance with these obligations is presently impossible because the unserved defendants are not yet formally before the Court and have no legal obligation to participate in a discovery conference or provide initial disclosures.

8. Proceeding with a Rule 26(f) meeting with only a fraction of the named parties would result in an inefficient, piecemeal approach to discovery planning and would necessitate

repeating the process once all parties are served.

9. Such situation creates an undue burden (as defined under Rule 26(b)(1)) on Plaintiffs. The difficulty involved includes:

    A. **Expense:** Attempting to coordinate discovery planning with absent parties, only to repeat the process later, involves unnecessary expenditure of time and resources (e.g., litigation fees, travel/coordination costs).

    B. **Difficulty of Scope:** It is impossible to generate a complete and useful discovery plan (the required Rule 26(f) report) without input and participation from all principal defendants who have yet to appear.

A brief extension of the deadline, or an order staying discovery obligations until all defendants are properly served and have made an appearance, is necessary to ensure the efficient and orderly management of this consolidated case.

WHEREFORE, Further Affiants sayeth naught.

Dated: December 1, 2025

                              Respectfully Submitted,

STATE OF ARKANSAS   )
                                       ) ss.
COUNTY OF FULTON  )

COMES NOW, Dave and Catrenia Dawn Campbell, of lawful age, having first been duly sworn, and states upon their oath, they are the persons in the foregoing document and the statements and allegations contained therein are true and correct to their best knowledge, information and belief.

_____
Dave Campbell

_____
Catrenia Dawn Campbell

Subscribed and sworn to before me this 1st day of **December**, 2025.

My Commission Expires:
08/08/2027

_____
NOTARY PUBLIC

4

## CERTIFICATE OF SERVICE

We, Dave and Dawn Campbell, certify to have served a copy of the foregoing document to Defendants, as follows on the **2nd** day of **December, 2025**:

1. For Defendants; Brenda Dunn, Randall Dunn, Gary Dunn, Louise Dunn Alexander and Shayne Peterson, Defendants' counsel of record; Fred O'Neill was served via email to **Law@perkinslawoffice.com and Fred@PerkinsLaw.com**;

   For Defendants; City of Mammoth Spring, Barry O'Dell and James Turnbough, Defendants' counsel of record; Mary Nix-Caffee, Esquire Graham Whitsett, Paralegal
   **MCaffee@arml.org** and **GWhitsett@arml.org**

2. For Defendants Hallmark Media, LLC, Lauren Siebert, John McGinnis and Jody Shackelford, Defendant Jody Shackelford was served via email to: **Jody@GoIronRock.com;**

3. Defendant Bragg Broadcasting, Inc. was served at **HomeTownRadio@Centurytel.net.**

Respectfully Submitted,

_____
Dave Campbell, pro se

_____
Catrenia Dawn Campbell, pro se

3