UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 05 2025

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

DAVE CAMPBELL, et ux,

PLAINTIFFS,

v.                                                   Case Number: 3:25-CV-00064-KGB

CITY OF MAMMOTH SPRING, et al,

DEFENDANTS.

## CERTIFICATE OF CONFERENCE / GOOD FAITH CONSULTATION

Pursuant to Local Rule Local Rule 7.1(c), we hereby certify Plaintiffs made a good faith effort to confer with counsel for Defendants and Defendant Bragg regarding the issues raised in the accompanying MOTION TO EXTEND RULE 26(f) DEADLINE OR, IN THE ALTERNATIVE, STAY DISCOVERY OBLIGATIONS.

On November 28, 2025, Plaintiffs' initiated a good faith consultation via email with Defendants' counsel (Counsel Caffee, Counsel O'Neill, Counsel McGinnes, Counsel Shackelford), and Mr. Bragg. The communication addressed the subject matter of the motion, specifically the practical difficulties and legal concerns surrounding the completion and filing of the joint Rule 26(f) Report under the present circumstances of the consolidated case.

The parties (minus Defendant Bragg) previously engaged in a cooperative discussion regarding the discovery planning obligations. Counsel Caffee graciously prepared a proposed draft of the Rule 26(f) Report. The parties did provide necessary information to complete the report to the best of their current ability concerning the

1

served parties.

However, after careful consideration, the proposed Rule 26(f) Report remains fundamentally incomplete. Proceeding with a comprehensive, consolidated discovery plan is not presently feasible or appropriate without the involvement of all remaining, non-served defendants in the lawsuit, and moving forward with the current report could potentially risk waiving rights pertaining to these non-served parties.

The relief sought in the accompanying motion was discussed, and while the parties cooperated fully in the attempt to formulate a joint discovery plan, the parties could not reach a complete consensus on the timing of filing the report due to the procedural complexities outlined above.

DATED this **2**$^{nd}$ day of **December** 2025.

                                        Respectfully Submitted,

/s/ Dave Campbell
Dave Campbell, pro se

/s/ Catrenia Dawn Campbell
Catrenia Dawn Campbell, pro se

Plaintiffs' Info: (870) 907-0572
440 Main ST
Mammoth Spring, AR  72554-8800
Blues24Seven@ymail.com

2

## CERTIFICATE OF SERVICE

We, Dave and Dawn Campbell, certify to have served a copy of the foregoing document to Defendants, as follows on the **2nd** day of **December, 2025**:

1. For Defendants; Brenda Dunn, Randall Dunn, Gary Dunn, Louise Dunn Alexander and Shayne Peterson, Defendants' counsel of record; Fred O'Neill was served via email to **Law@perkinslawoffice.com and Fred@PerkinsLaw.com**;

   For Defendants; City of Mammoth Spring, Barry O'Dell and James Turnbough, Defendants' counsel of record; Mary Nix-Caffee, Esquire Graham Whitsett, Paralegal
   **MCaffee@arml.org** and **GWhitsett@arml.org**

2. For Defendants Hallmark Media, LLC, Lauren Siebert, John McGinnis and Jody Shackelford, Defendant Jody Shackelford was served via email to: **Jody@GoIronRock.com;**

3. Defendant Bragg Broadcasting, Inc. was served at **HomeTownRadio@Centurytel.net.**

Respectfully Submitted,

_[signature]_
Dave Campbell, pro se

_[signature]_
Catrenia Dawn Campbell, pro se

3