# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

DAVE CAMPBELL and DAWN CAMPBELL,

Plaintiffs,

v                                                  CASE NO.: 3:25-CV 00064KGB

CITY OF MAMMOTH SPRING et al.,

Defendants.

## PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

**COMES NOW**, Dave and Catrenia Dawn Campbell("*Plaintiffs*"), appearing *pro se*, and respectfully move this Court for an Order Granting Equitable Tolling of any applicable statutes of limitation and discovery deadlines within this federal civil rights action. In support thereof, Plaintiffs state:

## 1.    INTRODUCTION

Plaintiffs seek equitable tolling because they have been prevented from advancing their federal claims due to the *"law-fare"* tactics, fraudulent state court injunctions, and willful bankruptcy stay violations committed by Defendants.

## 2.    THE LEGAL STANDARD

Under Eighth Circuit precedent, equitable tolling is appropriate when *"extraordinary circumstances"* beyond a party's control make it impossible to file or

advance a claim on time, provided the party has acted with reasonable diligence. *See, e.g., Motley v. United States, 295 F.3d 820 (8th Cir. 2002).*

## 1.  EXTRAORDINARY CIRCUMSTANCES

Plaintiffs have faced a series of extraordinary barriers orchestrated by Defendants:

### Fraudulent Injunction:

Defendants secured an unconstitutional "*Prior Restraint*" based on fabricated evidence ("*Jamie and Melissa get it on*"), which was only recently vacated by the Arkansas Supreme Court.

### The Discovery Trap:

On November 17, 2025, the State Circuit Court entered an accelerated scheduling order that expired before it was even filed, effectively denying Plaintiffs the ability to conduct the discovery necessary to support their federal claims.

### Bankruptcy Stay Violations:

Melissa Rogers's failure to provide mandatory notice of her bankruptcy filing in state court caused Plaintiffs to expend limited resources and time responding to "void" state-court motions rather than advancing their federal civil rights case.

### Unauthorized Legal Representation:

Defendants utilized "*Iron Rock Law Firm*," a non-existent legal entity in Arkansas, to file fraudulent "certificates of service," further obstructing Plaintiffs' ability to receive proper legal notice.

## 4.  REASONABLE DILIGENCE

Despite being pro se, Plaintiffs have acted with extreme diligence, successfully appealing the unconstitutional injunction to the Arkansas Supreme Court and obtaining a

finding of stay violations in the U.S. Bankruptcy Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant equitable tolling for a period of 365 (three hundred sixty-five) days to account for the time they were prevented from proceeding due to Defendants' misconduct, and grant such other relief as justice requires.

Dated: December 19, 2025.

Respectfully Submitted,

Dave Campbell, pro se

Catrenia Dawn Campbell, pro se

Plaintiffs' Info: (870) 907-0572
440 Main ST
Mammoth Spring, AR  72554-8800
Blues24Seven@ymail.com

## CERTIFICATE OF SERVICE

We, Dave and Dawn Campbell, certify to have served a copy of the foregoing document to Defendants, as follows on the 16th day of **December, 2025**:

1.  For Defendants; Brenda Dunn, Randall Dunn, Gary Dunn, Louise Dunn Alexander and Shayne Peterson, Defendants' counsel of record; Fred O'Neill was served via email to **Law@perkinslawoffice.com and Fred@PerkinsLaw.com**;

    For Defendants; City of Mammoth Spring, Barry O'Dell and James Turnbough, Defendants' counsel of record; Mary Nix-Caffee, Esquire and Graham Whitsett, Paralegal at: **MCaffee@arml.org** and **GWhitsett@arml.org**

2.  For Defendants Hallmark Media, LLC, Lauren Siebert, John McGinnis and Jody Shackelford, Defendant Jody Shackelford was served via email to: **Jody@GoIronRock.com;**

3.  Defendant Bragg Broadcasting, Inc. was served at **HomeTownRadio@Centurytel.net.**

Respectfully Submitted,

Dave Campbell, pro se

Catrenia Dawn Campbell, pro se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

**DAVE CAMPBELL and DAWN CAMPBELL,**                    **EXHIBIT A**

**Plaintiffs,**

**v**                                   **CASE NO.: 3:25-CV 00064KGB**

**CITY OF MAMMOTH SPRING et al.,**

**Defendants.**

### EXHIBIT A: TABLE OF EXTRAORDINARY CIRCUMSTANCES WARRANTING EQUITABLE TOLLING

| Date Range | Extraordinary Circumstance | Specific Action by Defendants / Under Color of Law | Impact on Plaintiffs' Pursuit of Rights |
|---|---|---|---|
| 07/2024 – 05/2025 | **Unconstitutional Prior Restraint** | Defendants (City and Police Chief) obtained an injunction based on a **fabricated quote** ("*Jamie and Melissa get it on*") which Plaintiffs never authored. | Chilled Plaintiffs' speech and forced them to divert all resources to a complex appellate process to vacate the injunction. |
| 07/15/2024 – 07/23/2024 | **Fraudulent Service of Process** | *"Iron Rock Law Firm"* filed a false Certificate of Service alleging personal service on 07/15, when actual service did not occur until 07/23. | Created a false litigation record and deprived Plaintiffs of their full 20-day responsive period under Arkansas Rule of Civil Procedure 12. |

1

| 04/15/2024 – Present | Spoliation of Key Evidence | The Mayor rejected signing Plaintiffs "copy received" receipt for Plaintiffs' timely Preservation / Litigation Hold Notice after he read the notice on video and the City Secretary waited one week to notify the security company to preserve the video, leading to the intentional deletion of 04/01/24 City Hall council meeting surveillance footage. | Destroyed the primary objective evidence of official misconduct, forcing Plaintiffs to rely on secondary discovery. |
|---|---|---|---|
| 04/2025 – 08/2025 | Misuse of Bankruptcy Stay | City Secretary failed to provide mandatory notice of bankruptcy, then willfully prosecuted Plaintiffs' counterclaims in violation of the **Automatic Stay (11 U.S.C. § 362)**. | Rendered state court proceedings void and created a legal *"limbo"* preventing Plaintiffs from amending their federal claims to include City Secretary. |
| 11/17/2025 – Present | The *"Discovery Trap"* | The State Court entered a Scheduling Order with **expired discovery deadlines**, while withholding standard **Division 1 Docket Setting Sheets**. | Functionally barred Plaintiffs from taking depositions of Police Chief and City Secretary necessary to support counterclaims and defense. |
| 11/20/2025 – Present | Fraudulent Testimony | Debtors swore under oath in Bankruptcy Court no state court consolidation occurred, directly contradicting the 11/12/25 | Attempted to mislead a federal tribunal to maintain a *"bankruptcy shield"* |

2

hearing record.                                              against Plaintiffs'
                                                            civil rights claims.

Respectfully Submitted,

Dave Campbell, pro se

Catrenia Dawn Campbell, pro se

Plaintiffs' Info: (870) 907-0572
440 Main ST
Mammoth Spring, AR  72554-8800
Blues24Seven@ymail.com

**CERTIFICATE OF SERVICE**

We, Dave and Dawn Campbell, certify to have served a copy of the foregoing document to Defendants, as follows on the **22ⁿᵈ** day of **December, 2025**:

1.  For Defendants; Brenda Dunn, Randall Dunn, Gary Dunn, Louise Dunn Alexander and Shayne Peterson, Defendants' counsel of record; Fred O'Neill was served via email to **Law@perkinslawoffice.com and Fred@PerkinsLaw.com**;

    For Defendants; City of Mammoth Spring, Barry O'Dell and James Turnbough, Defendants' counsel of record; Mary Nix-Caffee, Esquire and Graham Whitsett, Paralegal at:
    **MCaffee@arml.org** and **GWhitsett@arml.org**

2.  For Defendants Hallmark Media, LLC, Lauren Siebert, John McGinnis and Jody Shackelford, Defendant Jody Shackelford was served via email to:
    **Jody@GoIronRock.com;**

3.  Defendant Bragg Broadcasting, Inc. was served at
    **HomeTownRadio@Centurytel.net.**

Dave Campbell, pro se                 Catrenia Dawn Campbell, pro se

3