**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DAVE CAMPBELL and CATRENIA DAWN**
**CAMPBELL,**                                                                   **PLAINTIFFS**


**v.**                            **Case No. 3:25-CV-00064-KGB**


**CITY OF MAMMOTH SPRING, ARKANSAS;**
**BARRY JOSEPH O'DELL; JAMES EDWARD**
**TURNBOUGH;** *et al.,*                                               **DEFENDANTS**


### CITY DEFENDANTS' ANSWER AND GENERAL DENIAL TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

Separate Defendants the City of Mammoth Spring, Arkansas, Barry Joseph O'Dell, James Edward Turnbough, Danny L. Busch, Barbara Ann Gann, John Allen Barnett, and Hunter Ray Crawford (collectively, the "City Defendants"), each in their individual and official capacities, through their attorney, Mary Nix-Caffee, submit the following in response to Plaintiffs' Consolidated Amended Complaint:


I.     **GENERAL DENIAL**

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, City Defendants deny each and every allegation contained in Plaintiffs' Consolidated Amended Complaint, including all numbered paragraphs and subparagraphs, except those expressly admitted herein.


II.     **ADMISSIONS**

1.     Paragraph 1 of Plaintiffs' Consolidated Amended Complaint includes jurisdictional allegations that do not require a response. To the extent a response is

deemed necessary, City Defendants do not contest that the Court has subject matter jurisdiction over Plaintiffs' claims arising under federal law pursuant to 28 U.S.C. §§ 1331 but deny that Plaintiffs are entitled to relief. City Defendants explicitly deny any allegation of misconduct or wrongdoing.

2.      Paragraph 2 of Plaintiffs' Consolidated Amended Complaint includes jurisdictional allegations that do not require a response. To the extent a response is deemed necessary, City Defendants do not contest that the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 but deny that Plaintiffs are entitled to relief. City Defendants explicitly deny any allegation of misconduct or wrongdoing.

3.      Paragraph 3 Plaintiffs' Consolidated Amended Complaint contains allegations that are jurisdictional in nature, to which no response is required. To the extent a response is deemed necessary, City Defendants do not contest venue but deny that Plaintiffs are entitled to any relief. City Defendants explicitly deny any allegation of misconduct or wrongdoing.

4.      Upon information and belief, Plaintiffs are private citizens residing in Mammoth Spring, Arkansas. City Defendants deny the characterization that Plaintiffs serve as Court Appointed Special Advocates (CASA) as alleged in paragraph four 4 of Plaintiffs' Consolidated Amended Complaint.

5.      City Defendants admit that **the City of Mammoth Spring** municipal corporation is organized under the laws of the State of Arkansas and is a second class city as alleged in paragraph 5 of Plaintiffs' Consolidated Amended Complaint.

6.      City Defendants admit that defendant, **Barry O'Dell** is a councilmember

for the City of Mammoth Spring as alleged in paragraph 6 of Plaintiffs' Consolidated Amended Complaint.

7.      City Defendants admit that defendant **Danny Busch** is the mayor for the City of Mammoth Spring as alleged in paragraph 7 of Plaintiffs' Consolidated Amended Complaint.

8.      City Defendants admit that defendant **Barbara Ann Gann** was the city clerk for the City of Mammoth Spring as alleged in paragraph 9 of Plaintiffs' Consolidated Amended Complaint.

9.      City Defendants admit that defendant **James Edward Turnbough** is the chief of police for the Mammoth Spring Police Department as alleged in paragraph 10 of Plaintiffs' Consolidated Amended Complaint.

10.     City Defendants admit that defendant **John Allen Barnett** is the assistant chief of police for the Mammoth Spring Police Department as alleged in paragraph 11 of Plaintiffs' Consolidated Amended Complaint.

11.     City Defendants admit that defendant **Hunter Ray Crawford** was a police officer for the Mammoth Spring Police Department as alleged in paragraph 12 of Plaintiffs' Consolidated Amended Complaint.

12.     City Defendants categorically deny that Plaintiffs sustained any damages due to any alleged act, omission, or misconduct by City Defendants and assert that Plaintiffs are not entitled to any form of relief. Specifically, City Defendants deny all material allegations in Plaintiffs' Consolidated Amended Complaint. City Defendants expressly deny any allegation of misconduct or wrongdoing.

13.     City Defendants deny any relief requested in paragraphs starting with

"WHEREFORE…" as alleged in Plaintiffs' Consolidated Amended Complaint.

14.    City Defendants deny any allegations not explicitly admitted herein.

15.    City Defendants request a trial by jury on any issues remaining at that time.

## III.    AFFIRMATIVE DEFENSES

1.    Plaintiffs' Consolidated Amended Complaint fails to state a claim upon which relief can be granted.

2.    City Defendants deny that any violation of Plaintiffs' federal or state constitutional or statutory laws occurred.

3.    Plaintiffs have not sufficiently alleged facts to establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The City of Mammoth Springs denies that any violation of Plaintiffs' federal or state constitutional or statutory rights occurred. To the extent Plaintiffs suffered damages, the City asserts that the alleged damages were not caused by any custom, policy, practice, or inadequate training or supervision.

4.    City Defendants avail themselves of all applicable state and federal immunities available in any capacity, including, but not limited to, statutory, absolute, qualified, sovereign, good faith, and quasi-judicial immunity.

5.    City Defendants are entitled to statutory immunity under Ark. Code Ann. § 21-9-301.

6.    To the extent applicable, City Defendants assert affirmative defenses under the Federal Rules of Civil Procedure, including but not limited to *res judicata*, collateral estoppel, issue preclusion, privilege, justification, claim preclusion, statute of limitations,

and all abstention doctrines.

7. City Defendants assert that there was sufficient probable cause.

8. The alleged damages claimed by Plaintiffs were not proximately caused or directly attributable to any act or omission by any of City Defendants.

9. Plaintiffs lack standing to assert certain claims alleged in the Consolidated Amended Complaint.

10. Excluding the claims based on the Fourth and Fourteenth Amendments, Plaintiffs' claims against City Defendants are barred because the alleged conduct did not occur under color of state law.

11. Punitive damages cannot be recovered from a municipality.

12. City Defendants reserve the right to assert additional defenses as discovery advances if further affirmative defenses become applicable, including, but not limited to, those allowed by Fed. R. Civ. P. 8(c). If necessary, Defendants will seek permission to amend this Answer under Fed. R. Civ. P. 15.

WHEREFORE, City Defendants respectfully request that the Court dismiss Plaintiffs' Consolidated Amended Complaint with prejudice and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**City of Mammoth Spring, Arkansas, Barry Joseph O'Dell, James Edward Turnbough, Danny L. Busch, Barbara Ann Gann, James Edward Turnbough, John Allen Barnett,** and **Hunter Ray Crawford**, each in their individual and official capacities

**CITY DEFENDANTS**

By:   **Mary Nix-Caffee**
AR Bar No. 2025294
*Attorney for City Defendants*
P.O. Box 38
North Little Rock, AR 72115
Phone: (501)–978–6128
Email:MCaffee@arml.org

## CERTIFICATE OF SERVICE

I, Mary Nix-Caffee, hereby certify that on March 23, 2026, I filed the foregoing through

the Court's CM/ECF system, which will send notice to all counsel of record and serve by

U.S. Certified Mail on any non-ECF participants.

**Mary Nix-Caffee**
Mary Nix-Caffee, AR Bar No. 2025294